[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Joseph Simonelli appeals pursuant to General Statutes 4-183 the decision of the defendant Commissioner of Motor Vehicles (Commissioner) to suspend the plaintiff's driver's license pursuant to General Statutes 14-227b. The court rules in favor of the defendant Commissioner.
On November 27, 1992, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor. The arresting officer, acting on behalf of the Commissioner, revoked and took possession of the plaintiff's driver's license and issued him a temporary license. The officer took this action because the plaintiff failed a chemical test which was administered to measure his blood alcohol level.
The administrative hearing pursuant to General Statutes14-227b was held on December 23, 1992. The plaintiff appeared and was represented by counsel. By decision dated December 24, 1992, the hearing officer, acting in behalf of the Commissioner, set forth her findings of fact and conclusions of law, and upheld the suspension of the plaintiff's license for ninety days. The basis of the suspension was section 14-227b, which provides that the Commissioner shall suspend for ninety days the license of anyone who has been arrested for driving under the influence and whose chemical test results indicated CT Page 6637 that at the time such person was operating the motor vehicle his or her blood alcohol level exceeded the statutory limit.
Section 14-227b(f) provides in relevant part, as follows:
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer nave probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) . . . did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle.
If, after the hearing, the hearing officer finds on any one of these issues in the negative, the Commissioner must reinstate the license or operating privilege. In this case, the hearing officer found all of the issues in the affirmative, and the Commissioner sustained the suspension.
The court finds that the Commissioner's decision adversely affected a specific personal and legal interest of the plaintiff, his right to operate a motor vehicle, and concludes, therefore, that he is aggrieved by that decision within the meaning of section 4-183 (a) of the General Statutes.
In his brief and at oral argument, the plaintiff has advanced two grounds for his appeal, as follows:
1. The evidence relied upon by the hearing officer in finding that the plaintiff's alcohol/blood ratio exceeded the legal limit was unreliable.
2. The plaintiff's arrest on the drunk driving charge was the result of police entrapment.
I. EVIDENCE
The basis of the plaintiff's claim concerning the evidence of his alcohol/blood ratio is his testimony at the CT Page 6638 administrative hearing that he smoked cigarettes constantly before both the first and second breath tests. Applicable regulations provide that the officer administering an intoximeter test prevent the subject from smoking or doing any other activity that might interfere with the operation of the machine or the reliability of its results.
The only evidence concerning the plaintiff's smoking was his testimony at the administrative hearing. The police officer's A44 report, which contained four supplemental pages detailing the circumstances of the arrest and the test procedure, does not mention excessive cigarette smoking or any other activity which would interfere with the testing. The report does state that the plaintiff not only consented to the test, but "in fact, he demanded it!" (Exclamation in the original). The police officer, in his report, also states that the "analytical device was certified, analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations." In short, the evidence submitted by the police indicates that the plaintiff fully cooperated in taking the test and that the test was administered competently, using a machine that was functioning properly.
The plaintiff essentially asks the court to overturn the hearing officer's factual findings and conclusions concerning the test results and the plaintiff's alcohol/blood ratio at the time of the operation of his vehicle. "Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence . . . which reasonably supports the decision or the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705
(1976). The plaintiff's argument concerning the test results cannot be sustained.
II. ENTRAPMENT
The plaintiff and his wife testified that he had gone to a bar prior to his arrest at the urging of the Cromwell police to gather information as a volunteer informant concerning drug and other criminal activity. He drank beer while there in order to remain inconspicuous. He argues that the Cromwell police, in effect, induced him to drink and then, since they must have CT Page 6639 known what would follow, to drive while drunk. He was, he argues, entrapped into driving under the influence, the offense for which that same Cromwell police department arrested him.
There is no question that the plaintiff had rendered valuable service to the Cromwell police. A letter from the chief, in evidence in this case, establishes that fact. However, the court cannot accept his contention that the police in requesting his services as an undercover agent at a bar were, in effect, inducing him to operate a vehicle while under the influence of liquor consumed at that bar. There is no evidence that the police knew how much he would drink, or that he would subsequently drive, or how soon after drinking he would drive. There is no evidence, or even the suggestion, that the police induced the plaintiff to operate a motor vehicle when he was intoxicated or at a time when they should have known he was intoxicated. Rather, the plaintiff's own testimony indicated that he went to the bar, on his own, at midnight and that he left about 1:00 A.M., again at his own independent volition, after consuming two beers.
The plaintiff may be justified in believing that the police played on his feelings of civic responsibility and then abandoned him. However, the circumstances of this case, as revealed by the record, do not add up to entrapment such that the Commissioner's decision to suspend the plaintiff's license should be reversed. The Commissioner's decision is affirmed. The plaintiff's appeal is dismissed.
Maloney, J.